IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| APFS, LLC d/b/a ADDISON GROUP | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 3:18-cv-2794 |
| CENTRAL HOSPITAL OF BOWIE, LP, and TEXAS GENERAL HOSPITAL, LP | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff APFS, LLC d/b/a ADDISON GROUP ("Plaintiff" or "Addison Group"), by and through its attorneys, McGuireWoods LLP, for its Complaint against Defendants CENTRAL HOSPITAL OF BOWIE, LP ("CHB") and TEXAS GENERAL HOSPITAL, LP ("TGH") (collectively "Defendants") states as follows:

**Nature of the Action**

1. Addison Group files this Complaint seeking entry of judgment against Defendants for their failure to pay sums owed under Settlement Agreements and Releases signed in February 2018.

**The Parties**

2. Plaintiff APFS, LLC d/b/a Addison Group ("Addison Group") is a staffing services firm that is a Delaware limited liability company, having its principal place of business is in Chicago, Illinois.

3. Defendant CHB is, upon information and belief, a Texas limited partnership, having its principal place of business in Bowie, Texas.

4. Defendant TGH is, upon information and belief, a Texas limited partnership, having its principal place of business in Lewisville, Texas.

5. CHB and TGH are, upon information and belief, commonly owned and related entities. Thus, they are properly joined in this action insofar as the actions against them arise out of the same transaction or occurrence and common questions of law or fact will arise in this action.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), insofar as Addison Group and the Defendants are citizens of different states and the amount in controversy exceeds $75,000.

7. Venue is proper in this district pursuant to the forum selection clause of Section 5 of the Settlement Agreement entered into by Addison Group and CHB on February 8, 2018 (the "CHB Settlement Agreement"), and Section 6 of the Settlement Agreement entered into between Addison Group and TGH on February 8, 2018 (the "TGH Settlement Agreement") (collectively the "Settlement Agreements"), true and correct copies of which are attached hereto as *Exhibits A and B*, respectively.

8. Jurisdiction is likewise proper in this Court pursuant to the forum selection clauses of the Settlement Agreements. Regardless of the Defendants' consent to jurisdiction, this Court has personal jurisdiction over both CHB and TGH because each of them conducts business in the State of Texas and are organized in the State of Texas. *See Exhibits A* and *B*, CHB Settlement Agreement, Section 5; TGH Settlement Agreement, Section 6.

## The Defendants Enter Into Valid and Enforceable Settlement Agreements

9. Pursuant to a written agreement dated February 2, 2017, Addison Group provided temporary staffing services to CHB and TGH.

10. CHB and TGH failed to pay Addison Group for the temporary staffing services that it provided. Consequently, as of February 8, 2018, CHB and TGH collectively owed Addison Group over One Hundred Forty-Five Thousand Dollars ($145,000).

11. In order to avoid immediate legal action to collect the overdue amounts, on February 8, 2018, the parties entered into the Settlement Agreements.

12. In the TGH Settlement Agreement, TGH acknowledged that it owed Addison Group the amount of One Hundred Eight Thousand One Hundred Ninety-One and 68/100 Dollars ($108,191.68) (the "TGH Balance") for temporary staffing services rendered by Addison Group to CHB. *See Exhibit B*, TGH Settlement Agreement, Section 3.

13. In the CHB Settlement Agreement, CHB acknowledged that it owed Addison Group the amount of Thirty-Seven Thousand Five Hundred Thirty-Seven and 92/100 Dollars ($37,537.92) (the "CHB Balance") for temporary staffing services rendered by Addison Group to CHB. *See Exhibit A*, CHB Settlement Agreement, Section 3.

14. In the Settlement Agreements, Defendants each agreed to make payments towards the balances due in accordance with the schedule set forth in Paragraph 3 of the Settlement Agreements.

15. Specifically, the schedules required payments on or before the 15th of each month, with the first payment due on the "Effective Date" of the agreements and the last payment due on or before December 15, 2019. *Id.*

**Default Provisions of the Settlement Agreements**

16. The Parties agreed that if Addison Group did not receive a monthly payment when due, it was to provide notice to Defendants via email to their outside and in-house counsel.

Defendants were then provided five (5) business days from the date of notice to provide proof of payment or cure. *Id.*

17. Addison Group and TGH agreed that if TGH failed to make full payment within the cure period or if it failed to make three (3) separate payments in full on the dates within a twelve (12) month period, then it would be in default of the Settlement Agreement. *See Exhibit B*, TGH Settlement Agreement, Section 6.

18. The Parties agreed that, in the event of default, the remaining balance would become immediately due and payable and will accrue interest at a rate of twelve percent (12%) per annum until paid in full. *See Exhibits A* and *B*, CHB Settlement Agreement, Section 4; TGH Settlement Agreement, Section 6.

19. Defendants also agreed that, in the event of default, Addison Group would be entitled to the immediate entry of a consent judgment in its favor in the amount of the remaining balances due plus any interest thereon and all costs of collection, including but not limited to reasonable attorney's fees and costs. *Id.*

20. Defendants agreed that Addison Group shall be entitled to entry of the consent judgment upon filing an affidavit stating when payment was due, identifying the event of default, and stating the remaining balance and interest owing. No hearing shall be required for the court's entry of the consent judgment, which may be submitted to the court for entry via mail or electronic mail, with a copy to Defendants. *Id.*

**Defendants Default on Their Payments**

21. Defendants failed to make timely payments due under the Settlement Agreements in May and June 2018. Pursuant to the cure provisions of the Settlement Agreements, counsel for

107349298_2

Addison Group notified Defendants' counsel of the defaults. In each case, Defendants wired late payments to Addison Group.

22. Defendants again failed to make the payments under the Settlement Agreements on August 15, 2018. Again, Addison Group's counsel notified Defendants' counsel of the missed payments. *Id*. at 7 & 12.

23. However, on this occasion, Defendants failed to respond to Addison Group and failed to remit the payments due on August 15, 2018. *Id*.

24. Defendants' failure to make the August 2018 payments due under the Settlement Agreements is a default under the terms of the Settlement Agreements.

## Count I: Breach of Contract

### *Addison Group v. CHB and TGH*

25. Plaintiff incorporates the allegations in Paragraphs 1 through 26 as though fully set forth in this paragraph.

26. The Settlement Agreements are valid and enforceable contracts.

27. Defendants' failure to timely remit payment to Addison Group as required by the Settlement Agreements and their failure to make the August payment is a breach of the Settlement Agreements and an event of default thereunder.

28. Addison Group has fulfilled each of its obligations under the Settlement Agreements.

29. Defendants' defaulting on their payments has caused Plaintiff injury, and will continue to cause Plaintiff injury.

30. Plaintiff is therefore entitled to relief and judgment against TGH for the remainder of the TGH Balance, equivalent to Seventy-Six Thousand Six Hundred Thirty-Five and 75/100

Dollars ($76,635.75); interest accruing at a rate of twelve percent (12%) per annum, equivalent to One Thousand Six Hundred Sixty and 44/100 Dollars ($1,660.44); costs of suit; attorney's fees to the extent permitted by law; and such other further relief as the Court deems fair, just and equitable.

31. Plaintiff is therefore entitled to relief and judgment against CHB for the remainder of the CHB Balance, equivalent to Twenty-Six Thousand Five Hundred Eighty-Nine and 39/100 Dollars ($26,589.36); interest accruing at a rate of twelve percent (12%) per annum, equivalent to Five Hundred Seventy-Six and 10/100 Dollars ($576.10); costs of suit; attorney's fees to the extent permitted by law; and such other further relief as the Court deems fair, just and equitable

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter judgment in its favor and against TGH in the amount of Seventy-Eight Thousand Two Hundred Ninety-Six and 19/100 Dollars ($78,296.19).

2. Enter judgment in its favor and against CHB in the amount of Twenty-Seven Thousand One Hundred Sixty-Five and 46/100 Dollars ($27,165.46).

3. Order Defendants to preserve all evidence relating to the allegations of this Complaint; and

4. Award Plaintiff its costs of suit, including attorney's fees to the extent allowable by law; and all such other relief as the Court deems just and proper.

Dated: October 19, 2018

          Respectfully Submitted,

          APFS, LLC d/b/a ADDISON GROUP

By:   */s/ Alyssa M. Pazandak*
Alyssa M. Pazandak
Texas Bar No. 24098234
apazandak@mcguirewoods.com
McGuireWoods LLP
2000 McKinney Avenue
Suite 1400
Dallas, Texas 75201
Telephone: (214) 932.6400
Facsimile: (214) 932-6499

Michael R. Phillips
mphillips@mcguirewoods.com
McGuireWoods LLP
77 West Wacker Drive
Suite 4100
Chicago, Illinois 60601-1815
Telephone: (312) 849-8100
Facsimile: (312) 849-3690