# EXHIBIT A

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between APFS, LLC d/b/a Addison Group, together with its agents, representatives, assigns, affiliated persons and entities, directors, officers, employees and owners, (hereinafter referred to collectively as "Addison"), and Central Hospital of Bowie, LP, together with its agents, representatives, assigns, affiliated persons and entities, directors, officers, employees and owners, (hereinafter referred to collectively as "CHB"), for themselves and their respective successors, heirs and assigns, to compromise and settle all actual and potential disputes between them. Together, Addison and CHB shall be known as "Parties" and individually as "Party."

### Recitals

WHEREAS, Addison has asserted that an outstanding balance (the "Balance") of Thirty-Seven Thousand Five Hundred Thirty-Seven and 92/100 Dollars ($37,537.92) is owed by CHB to Addison for staffing services provided to CHB;

WHEREAS, the Parties desire to enter into this Agreement to settle any and all amounts that are claimed to be owed; have been invoiced or are pending to be invoiced as of the date of this Agreement;

NOW, THEREFORE, for and in consideration of the promises, terms and conditions herein stated, and the performance of each, Addison and CHB, in compromise and settlement of their disputes, hereby agree as follows:

### Agreements

1.     Incorporation of Recitals. The foregoing recitals are incorporated herein by reference as a material part of this Agreement.

2.     Mutual Release. (a) For and in consideration of the sum of the Balance (to be paid in accordance with this Agreement) and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Addison, in accordance with the terms hereof and upon the full satisfaction of all conditions precedent set forth herein, does hereby release and forever discharge CHB and its successors, assigns, agents, representatives, joint venture partners, servants, employees, affiliated persons and/or entities, and attorneys of and from any and all claims, debts, demands, actions and causes of action of whatever nature, whether known or unknown, suspected or unsuspected, whether having arisen or hereafter to arise, which Addison ever had, now has, or may hereinafter claim to have against CHB arising out of this matter. Notwithstanding the foregoing, the release does not apply to or include Addison's rights and remedies to enforce any obligation or rights arising out of or related to this Agreement.

(b)     For and in consideration of the promises and covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, CHB, in accordance with the terms hereof and upon the full satisfaction of all conditions precedent set forth herein, does hereby release and forever discharge Addison and its successors, assigns, agents, representatives, joint venture partners, servants, employees, affiliated persons and/or entities, and attorneys of and from any and all claims, debts, demands, actions and causes of action of whatever nature, whether known or unknown, suspected or unsuspected, whether having arisen or hereafter to arise, which CHB ever had, now has, or may hereinafter claim to have against Addison arising out of this matter. Notwithstanding the foregoing, the release does not apply to or include CHB's rights and remedies to enforce any obligation or rights arising out of or related to this Agreement.

3.     <u>Settlement Payments</u>. Payment of the Balance shall be made in accordance with the following table:

| Date | Payment | Balance Paid | Balance Remaining |
|---|---|---|---|
| Effective Date | $1,564.08 | $1,564.08 | $35,973.84 |
| On or before 2/15/18 | $1,564.08 | $3,128.16 | $34,409.76 |
| On or before 3/15/18 | $1,564.08 | $4,692.24 | $32,845.68 |
| On or before 4/15/18 | $1,564.08 | $6,256.32 | $31,281.60 |
| On or before 5/15/18 | $1,564.08 | $7,820.40 | $29,717.52 |
| On or before 6/15/18 | $1,564.08 | $9,384.48 | $28,153.44 |
| On or before 7/15/18 | $1,564.08 | $10,948.56 | $26,589.36 |
| On or before 8/15/18 | $1,564.08 | $12,512.64 | $25,025.28 |
| On or before 9/15/18 | $1,564.08 | $14,076.72 | $23,461.20 |
| On or before 10/15/18 | $1,564.08 | $15,640.80 | $21,897.12 |
| On or before 11/15/18 | $1,564.08 | $17,204.88 | $20,333.04 |
| On or before 12/15/18 | $1,564.08 | $18,768.96 | $18,768.96 |
| On or before 1/15/19 | $1,564.08 | $20,333.04 | $17,204.88 |
| On or before 2/15/19 | $1,564.08 | $21,897.12 | $15,640.80 |
| On or before 3/15/19 | $1,564.08 | $23,461.20 | $14,076.72 |
| On or before 4/15/19 | $1,564.08 | $25,025.28 | $12,512.64 |
| On or before 5/15/19 | $1,564.08 | $26,589.36 | $10,948.56 |
| On or before 6/15/19 | $1,564.08 | $28,153.44 | $9,384.48 |
| On or before 7/15/19 | $1,564.08 | $29,717.52 | $7,820.40 |
| On or before 8/15/19 | $1,564.08 | $31,281.60 | $6,256.32 |
| On or before 9/15/19 | $1,564.08 | $32,845.68 | $4,692.24 |
| On or before 10/15/19 | $1,564.08 | $34,409.76 | $3,128.16 |
| On or before 11/15/19 | $1,564.08 | $35,973.84 | $1,564.08 |

| On or before 12/15/19 | $1,564.08 | $37,537.92 | $(0.00) |
|---|---|---|---|

All payments shall be made by wire transfer, certified funds, or check made payable to Addison, no later than the date on which payment for each month is due.  If Addison believes that payment has not been received, Addison shall provide notice to CHB. Notice shall be given in writing by email to Chandrika Shori at chandrika.shori@texasgeneralhospital.com and to Haroon Hashmi at haroon@hlg-law.com. CHB shall have five (5) business days from the day of notice to provide proof of payment or cure.

4.      Remedies Upon Default.   If CHB defaults under the terms of this Agreement, as described in paragraph 2 above, the entire remaining Balance shall become immediately due and payable, CHB shall waives all defense and the remaining Balance will accrue interest at a rate of twelve percent (12%) per annum until paid in full. Additionally, Addison Group shall be entitled to the immediate entry of a consent judgment in its favor in the amount of the remaining Balance due plus any accrued interest thereon and all costs of collection, including but not limited to reasonable attorney's fees and costs. Addison Group shall be entitled to entry of the consent judgment upon filing an affidavit stating when payment was due, identifying the event of default, and stating the remaining Balance and interest owing.  No hearing shall be required for the court's entry of the consent judgment, which may be submitted to the court for entry via mail or electronic mail, with copy to CHB.

5.      Governing Law, Venue, Personal Jurisdiction.  This Agreement as well as the rights and obligations of the Parties hereto, shall be construed and enforced in accordance with and governed by the laws of the State of Texas.  The exclusive venue for all disputes relating to this Agreement shall be the a state or federal court having jurisdiction over Dallas County, Texas, in which jurisdiction CHB consents to the court's personal jurisdiction over it and waives all jurisdictional defenses.

6.      Denial of Liability. The Parties understand and acknowledge that each of them has entered into this Agreement only to compromise and settle the actual and potential disputes between themselves relating to the claims of non-payment in the Lawsuit and not as an admission of liability of any kind or character. In fact, each of the Parties expressly denies all liability as to any claims of the other Party.

7.      Entire Agreement; No Oral Modification.  This Agreement contains the final, complete, exclusive and entire agreement and understanding concerning the subject matter among the Parties and supersedes all prior and contemporaneous oral and written agreements and discussions. Each of the Parties acknowledges that no other Party or any agent or attorney of any of the Parties has made any promise, representation, or warranty whatsoever, express or implied, not contained herein concerning the subject matter hereof to induce any Party to execute this Agreement in reliance upon any such promise, representation, or warranty not contained herein. This Agreement may not be modified or amended unless all of the Parties to this Agreement execute a written amendment thereto or modification thereof.

8.     Severability.  In the event that any one or more of the provisions contained herein shall for any reason be held by the court to be unenforceable in any respect, such unenforceability shall not affect any other provision of this Agreement; but, this Agreement shall then be construed as if such unenforceable provision or provisions had never been contained herein and the remainder of the Agreement shall continue in full force and effect.

9.     Confidentiality. The Parties agree to keep this Agreement strictly confidential and agree not to disclose the fact or terms of this Agreement to any third parties other than their own respective attorneys, accountants, or financial advisors or if otherwise required by compulsion of law or court order or if necessary for Addison to obtain any remedies to which it is entitled hereunder. The Parties further agree that breach of this paragraph is material and cannot be measured in dollar damages and that the sole remedy for breach or threatened breach shall be injunctive relief. Notwithstanding the foregoing, a breach of this confidentiality provision by Addison shall not relieve CHB of its obligations under this Agreement, including but not limited to the obligation to make the settlement payments required under this Agreement.

10.    Attorney's Fees.  In the event that either Party initiates legal action to enforce the terms of this Agreement, the prevailing party in such action shall be entitled to recover from the non-prevailing party all costs of enforcement, including but not limited to, reasonable attorney's fees and costs of litigation.

11.    Authority to Execute.  Each Party to this Agreement read this Agreement and has freely and voluntarily executed it.  Each individual signing this Agreement warrants and represents that he or she has full authority to execute the same on behalf of the Party on whose behalf he or she so signed, and that he or she is acting in the course and scope of such authority, and is duly authorized to execute this Agreement.

12.    Counterparts.  This Agreement may be signed in multiple counterparts, each of which will be deemed an original.  Facsimile or electronically scanned signatures shall be deemed original signatures for all purposes.

13.    Advice of Counsel.  The Parties represent that before executing this Agreement, they have become fully informed of the terms, contents, conditions, and effects of this Agreement; that in making this settlement, all Parties have had the benefit of the advice of counsel of their choosing; and that no statement, promise or representation of any kind has been made by any Party hereto except as expressly stated in this Agreement. All Parties agree that they have relied solely upon their own judgment, and the advice and counsel of their attorneys, in making this settlement, and that no Party to this Agreement is relying on any statement, promise, conduct, act, omission, or representation of any other party or of any agent, representative or attorney of any other Party to this Agreement.

14.    Effective Date. This Agreement shall be effective (the "Effective Date") when counsel for Addison receives a copy of this Agreement executed by TGH.

**IN WITNESS WHEREOF**, the Parties hereto have duly approved and executed this Settlement Agreement and Release as of the dates set below.

**APFS LLC d/b/a ADDISON GROUP**

By: _____

Its: _CHIEF FINANCIAL OFFICER_

Date: _2 -8 - 18_

**CENTRAL HOSPITAL OF BOWIE, LP**

By: _____

Its: _Faraz Hashmi, CEO_

Date: _February 7, 2018_